**Ross J. WOOD, Plaintiff,**

v.

**NEW YORK LIFE INSURANCE COMPANY, Defendant.**

No. C82–2886A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 27, 1984.

See also, D.C., 631 F.Supp. 6.

Richard P. Decker, Decker, Cooper & Hallman, Atlanta, Ga., for plaintiff.

H. Sanders Carter, Jr., Carter, Ansley, Smith & McLendon, Atlanta, Ga., for defendant.

## ORDER

MOYE, Chief Judge.

Before the Court in the above-styled civil action are cross-motions for complete or partial summary judgment, motion for leave to file 2nd interrogatories to defendant and plaintiff's request for production of documents as well as a motion to strike the affidavit of Florence Amato.

### Part I—Background

This is a diversity action involving insurance coverage of $195,000.00 on the life of Kristofer Lee Wood ["Kristofer"], who died at the age of twenty-two of respiratory failure resulting from muscular dystrophy.

Ross J. Wood ["Wood"] brought this action, as beneficiary, in the Superior Court of DeKalb County, Georgia, to recover the insurance proceeds. New York Life Insurance Company ["New York Life"] removed the case to this Court and filed its counterclaim to rescind the insurance coverage because of misrepresentations in the application or to obtain a declaratory judgment that the coverage is void *ab initio* because the insured neither signed the application nor consented in writing to issuance of the coverage. New York Life also seeks to recover damages because of fraud, including benefits of $135,000.00 paid to Wood before the fraud was discovered, its expenses of litigation and punitive damages.

Similar actions are before this Court as set forth in Part I § A of this Court's *Guarantee Trust Life Insurance Company v. Wood*, 631 F.Supp. 15 order, Civil Action No. C82–1897A. That portion of the

*Guarantee Trust* order is incorporated by reference into the instant opinion.

The Court also incorporates by reference into this opinion Part I § B of the *Guarantee Trust* order which provides a history of Kristofer's life with muscular dystrophy.

New York Life, on June 25, 1964, issued Group Policy No. G–9400 to the Trustee of the Engineering Associations Insurance Trust ["the Trust"] as policyholder. By virtue of the issuance of the policy, the Trust granted to New York Life the right or franchise to offer individual members of certain organizations participating in the Trust the opportunity to apply for life insurance coverage. Such organizations included the American Academy of Political and Social Science ["AAPSS"] and the Operations Research Society of America ["ORSA"]. Applicants were required to submit evidence of insurability satisfactory to New York Life, and all such applications were considered by New York Life and accepted or rejected on an individual basis in accordance with the company's applicable underwriting standards. Affidavit of Florence Amato, New York Life's Special Account Consultant.[1]

In the years 1978, 1979, 1980, and 1981, New York Life received various applications for insurance on Kristofer's life, each application being for coverage under Group Policy No. G–9400 and each application being submitted purportedly by Kristofer as a member either of the AAPSS or ORSA. Wood was designated as beneficiary in each instance.

The AAPSS certificates were issued in the following sequence:

---

1. The Court DENIES the motion to strike the affidavit of Ms. Amato because the affidavit satisfied the requirements of Fed.R.Civ.P. 56.

The Court adopts the reasoning set out in footnote 1 of the *Guarantee Trust* order in which the Court denies a similar motion to strike.

|          | Date of Application | Date of Issue | Face Value  |
|----------|---------------------|---------------|-------------|
| 1st Cert.| 9–17–78             | 10–1–78       | $36,000.00  |
| 2nd Cert.| 3–17–79             | 4–10–79       | $48,000.00  |
| 3rd Cert.| 3–24–80             | 4–17–80       | $60,000.00  |
| 4th Cert.| 4–21–80             | 4–29–80       | $72,000.00  |
| 5th Cert.| 3–21–81             | 4–2–81        | $84,000.00  |
| 6th Cert.| 4–9–81              | 4–28–81       | $96,000.00  |

The ORSA certificates were issued in the following sequence:

|          | Date of Application | Date of Issue | Face Value  |
|----------|---------------------|---------------|-------------|
| 1st Cert.| 2–18–79             | 3–9–79        | $60,000.00  |
| 2nd Cert.| 3–24–80             | 4–15–80       | $72,000.00  |
| 3rd Cert.| 4–23–80             | 5–8–80        | $84,000.00  |
| 4th Cert.| 3–12–81             | 3–25–81       | $96,000.00  |

On June 10, 1981, the administrator of the Engineering Associations Insurance Trust wrote to Kristofer advising him that his coverage as an AAPSS member, together with his coverage as an ORSA member, exceeded the maximum coverage of $156,000.00 allowed to any individual under Group Policy No. G–9400. Consequently, Kristofer's AAPSS coverage was reduced to a total of $72,000.00 and his ORSA coverage was reduced to a total of $84,000.00.

In October 1981, all insureds under Group Policy No. G–9400 were granted an automatic 20 percent increase in coverage. As a result, Kristofer's coverage under the final AAPSS certificate was increased to $90,000.00 and his coverage under the final ORSA certificate was increased to $105,000.00.

## Part II

### Section A

New York Life contends that the coverage is void *ab initio* because Kristofer neither signed the applications nor consented in writing to the issuance of the coverage under O.C.G.A. § 33–24–6(a) (Ga.Code Ann. § 56–2407). The thrust of Wood's opposition is that section 33–24–6(a) does not apply to the type of insurance involved in this case and that the action is barred by the incontestability clause contained in the policy.

These arguments have been raised and decided upon identical facts by this Court in the related case of *Connecticut General Life Insurance Company v. Wood* ["*Connecticut General*"], 631 F.Supp. 9.

In *Connecticut General,* the Court held on policy grounds that the running of the incontestability clause is not a bar to an action under section 33–24–6(a). The Court also decided that the type of insurance in that case that is identical to the type of insurance involved in this case falls within the intended application of section 33–24–6(a). Consistent with the *Connecticut General* case, the Court concludes that the insurance coverage in this case is void *ab initio* because Kristofer neither signed the application nor consented in writing to the issuance of the coverage.

### Section B

The Court also holds that New York Life is entitled to recover from Wood the $135,000.00 of benefits paid under the coverage which the Court has already determined above to be void. New York Life paid the $135,000.00 under the mistaken belief that the coverage was valid and in-

contestable before learning that Kristofer had not signed the insurance applications. Under these circumstances and consistent with the legal standards set out in the related case of *Guarantee Trust,* the Court concludes that Wood in equity and good conscience cannot retain the $135,000.00 of paid proceeds. *See Guarantee Trust,* order, Part III § B.

## Section C

In light of this Court's ruling that the insurance coverage is void *ab initio* under O.C.G.A. § 33–24–6(a) and that the incontestability clause in the policy does not bar this action under O.C.G.A. § 33–24–6(a), the Court determines that Wood is not entitled to a bad faith penalty and attorney's fees from New York Life. There is no evidence in the record of bad faith on the part of New York Life.

## Part III—Conclusion

Consistent with the determination in the body of this order, the Court GRANTS New York Life's motion for summary judgment and DENIES Wood's motion for partial summary judgment. The motion to strike the affidavit of Ms. Amato is DENIED. And, the Court DENIES as moot the plaintiff's motion for leave to file 2nd interrogatories to the defendant and request for production of documents. The attorneys should note Part I § A(6) of the Court's pretrial instructions concerning motions to compel discovery.

